IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

George Hoey Morris         )
    Plaintiff          )
Vs                         )    Civil Action No. 2:05CV1069-T
Thomas M. Goggans          )
    Defendant          )

## COMPLAINT

Comes now George Hoey Morris appearing pro se in the above styled cause and shows as follows.

1. That the plaintiff wrote a book titled "virginbride.net" and that on 02 April 2002, 1000 copies of that book and 800 copies of its companion compact disc "Young Models" were seized by Covington County, Alabama authorities. The plaintiff filed suit in the United States District Court for the Middle District of Alabama Northern Division. That court ruled in favor of the defendants under the doctrine of "qualified immunity".

2. That the undersigned hired Thomas M. Goggans; the defendant in this case, to file an appeal to the Eleventh Circuit Court of Appeals. Soon after engaging the services of Mr. Goggans, the plaintiff received via US mail a copy of a motion to dismiss the appeal. The defendant filed the motion without the knowledge or approval of the plaintiff effectively ending the litigation in that case against the wishes of his client. The plaintiff quickly filed a pro se appearance notice and withdrawal of the motion to dismiss. The plaintiff has since hired another attorney and the appeal is moving forward in Atlanta at this time.

3. That the office of the Alabama Attorney General is representing Eugenia Loggins in that appeal. Ms. Loggins is the District Attorney of Covington County. She seized the media and continues possession of plaintiff's property to this date.

4. That Eugenia Loggins' attorney (Alabama Attorney Generals Office) helped to arrange simultaneous raids on plaintiff's three homes that took place only days after the dismissal of the claim and that conceivably were conducted in the hopes that plaintiff's arrest would derail the appeal.

5. That Thomas Goggans engages in litigation with Mr. Morris' adversaries on a daily basis and that his dismissal of the appeal without plaintiff's knowledge was either the result of an illegal arrangement with them or constitutes gross negligence and a disregard for the plaintiff's rights as his client.

6. That plaintiff changed his name to Johnny Ray Fortune and obtained a passport in that name in order to gain entrance into Vietnam after having been deported from that nation

on three occasions. The deportations were the result of his arrest for conducting illegal research for Auburn University. Morris renewed his Alabama driver's license under his birth name one month after he returned from Vietnam.

7. That the search warrants executed with the assistance of the Alabama Attorney General who is Eugenia Loggins' attorney were unsuccessful in that they yielded no child pornography and that the plaintiff was not arrested and was free to go. The undersigned plaintiff drove to Texas.

8. That three days after plaintiff arrived in Texas a search warrant was executed by the FBI and the Houston Police Department in search of child pornography. The search yielded no results and Mr. Morris was free to go.

9. That the Alabama Attorney General who is Eugenia Loggins' attorney quickly issued a verbal warrant for this plaintiff for forgery; this charge being the result of the plaintiff's renewal of his Alabama driver's license under the name George Hoey Morris during March 2004. Plaintiff was arrested in Texas on the charge and posted bail there and in Alabama prior to the existence of a written warrant. The warrant was later created after plaintiff could find no record of the warrant in Elmore County when he presented himself for arrest.

10. That plaintiff hired the defendant as council in the forgery case and paid him $2,000.00 cash and $700.00 promissory note for his representation. The plaintiff was arrested on the way to the hearing by Chief Gordon Ledbetter for the charge of "harassment". The charge was based on a three sentence statement made two months earlier that the plaintiff had solicited nude photos from a 12 year old female child. The warrant did not exist in the computers and was hand written with Morris in chains and during the time period that he was required to be in court for the forgery charge. This plaintiff asserts that the timing of the arrest was an intentional effort to cause him to miss the hearing. A "failure to appear" arrest warrant was issued while Morris was being booked; hopefully without Mr. Goggans' knowledge of the arrest.

11. That plaintiff paid this defendant $1,000.00 to represent him in the harassment case. The girl's testimony differed in its entirety from her three sentence original complaint and also had no similarity with the police chief's two page written complaint. In fact the girl stated that the so called solicitation occurred at an entirely different time and place then she had claimed in the chief's written statement. Despite this Mr. Goggans had no questions and instead complained that the charge was filed under the wrong statute. Plaintiff protested this approach and both Goggans and the judge told plaintiff to be quiet. Plaintiff was pronounced guilty and required to post an appeal bond. He hired a different attorney for the appeal.

12. That the defendant was seen chumming and laughing with the plaintiff's adversaries prior to the hearing. Mr. Goggans was unprepared for the hearing and his failure to cross-examine the girl constitutes gross negligence.

13. That these same police officers with whom Mr. Goggans was so friendly came to plaintiffs home searching for a missing juvenile female. They woke up the plaintiff and asked questions. He cooperated completely but refused to let them "come inside and look around". They left but returned a few moments later and ordered plaintiff to "step back from the door". They then began to search his home over his objections. They restricted his movement and even monitored his toilet use twice. After two hours they brought in a dog that failed to alert. Despite this the search continued another three hours until plaintiff was placed in the Eclectic jail for possession of paraphernalia. During this time they continued the unlawful search and also searched his car without a warrant. Plaintiff was eventually arrested for possession of marijuana despite the fact that the 8 hour search yielded no drugs.

14. That plaintiff hired Thomas Goggans to represent him in that case and that he paid him a fee of $1,000.00. A few weeks later the undersigned was arrested on two "failure to appear" warrants; the result of those cases being called without his knowledge. Mr. Goggans filed a motion to quash those warrants because his case notification papers had the information "whited out" in an apparent deliberate attempt to cause plaintiff to miss that hearing. Mr. Morris received no notification of the hearing. Mr. Morris attempted suicide as he spent the night in the Elmore County Jail awaiting bond on the two FTA warrants. During the detention hearing that cause plaintiff to be held on pre-trial detention, Thomas Coram Jr. testified that there were again two pending FTA warrants on those same charges. If this is true, then Mr. Goggans has once again permitted the case to be called without his knowledge and is partially responsible for his current incarceration without bond.

15. That Mr. Goggans' failure to investigate the "whited out" information and the fact that he allowed plaintiff to be arrested for failure to appear constitutes gross negligence.

16. That the same police officers with whom Thomas Goggans was so friendly arrested Morris' son on a trumped up sale of marijuana to a minor charge in an effort to make a connection between Mr. Morris and drugs and to justify the search of his home and perhaps explain the Fourth Amendment violation. Plaintiff paid Mr. Goggans $1,000.00 to represent him in that case in which there were no drugs in evidence nor allegations of a sale.

17. That Thomas Goggans reached a point at which he was sympathetic to the claims of the plaintiff's adversaries and that he refused to return phone calls. Morris left approximately 75 messages to call and Goggans never responded. In addition he made 7 written requests that were ignored. Plaintiff tried to call Mr. Goggans at home and at the office. The defendant has caller ID and often the phone in his office and home was unanswered. On one occasion Mr. Morris had his brother call Goggans' office after several unanswered attempts and the secretary answered. Plaintiff asserts that there can be no explanation to justify the fact that Morris attempted communication with message or a letter more than 80 times over a period of two months without ever receiving a phone call or a letter. Such behavior by Goggans constitutes gross negligence and a total disregard for his client's rights.

18. That plaintiff eventually became frustrated that he was unable to determine the status of his cases and hired another attorney for all of them without Goggans' knowledge.

19. That plaintiff became incarcerated without bail on pre-trial detention on federal charges in part because of testimony that there existed two failure to appear warrants on him for the drug charges for which Mr. Goggans was his council. If this is true, then Mr. Goggans has once again permitted the case to be called without Plaintiff's knowledge and he is partially responsible for Morris' incarceration without bond. Thomas Coram Jr. testified under oath that the failure to appear warrants were inexistence for that case.

20. That Goggans would not accept collect calls and that his secretary refused to speak with Mr. Morris on three way calls. This refusal to communicate caused Mr. Morris anxiety and concern.

21. That Mr. Morris made six written requests from jail seeking an acknowledgment of the fees Goggans had been paid and of Mr. Goggans' obligations as plaintiff's council. Plaintiff never told Mr. Goggans he had new council but needed a classification of the facts. Mr. Goggans continued his refusal to communicate causing plaintiff anxiety and concern.

22. That the defendant never responded for over two months until the plaintiff wrote a letter threatening to make a complaint to the Bar Association. The defendant then sent to the undersigned a two sentence response that said he was "on top of it".

23. And finally, Mr. Goggans wrote to this plaintiff requesting that he drop the federal complaint against Daniel Dean in which plaintiff alleges a violation of his Fourth Amendment protection provided by the Constitution of The United States of America. He did this despite the fact that this is a "textbook" violation captured on film. He eventually filed a motion to withdraw as council from that case because he was unhappy with the description of his services posted on plaintiff's internet site.

Wherefore, the aforementioned premises considered, the undersigned prays that this court require the defendant to withdraw as council from all the cases discussed in this complaint, return all statements and evidence submitted to him, and refund the $5,000.00 paid to him as fees.

The undersigned further asserts that Mr. Goggans was negligent toward his client; the plaintiff, and prays that this court award an amount in punitive damages that accurately reflects his ineffective council.

END OF COMPLAINT

## ACKNOWLEDGEMENT

State of Alabama
County of Montgomery

                                                Respectfully submitted to this court

02 Nov 2005
_____                                 _____
Date                                                     George Hoey Morris
                                                                  Plaintiff

Before me personally appeared George Hoey Morris who was placed under oath and did affix his signature to the foregoing instrument.

11-02-05
_____                                 _____
Date                                                     Notary Public – State of Alabama
                                                                  My commission expires: 03-17-09

(SEAL)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the ___ day of _____ 2005 provided a copy of this complaint to the defendant by placing the same in the United States mail, first class postage prepaid and properly addressed to:

    Thomas M. Goggans
    Attorney at Law
    2030 East Second Street
    Montgomery, AL. 36106

                                                  George Hoey Morris
                                                  P. O. Box 240636
                                                  Eclectic, AL 36024