[DO NOT PUBLISH]



IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-11191
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01069-CV-T-N

GEORGE HOEY MORRIS,

Plaintiff-Appellant,

versus

THOMAS M. GOGGANS,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

(August 9, 2006)

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

George Hoey Morris, a pro se federal detainee, appeals the dismissal,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), of his complaint against his former attorney, Thomas M. Goggans.

According to the complaint, Goggans represented Morris in a civil suit and a subsequent criminal prosecution. Morris alleged that Goggans refused to communicate with him despite Morris's repeated attempts to contact Goggans and improperly dismissed the appeal.

Morris claimed that Goggans's failures amounted to legal malpractice and ineffective assistance of counsel. Morris hired new counsel and asked the court to (1) remove Goggans as counsel; (2) require that Goggans return all documents in Morris's file and refund $5,000 paid to Goggans in attorney's fees; and (3) award punitive damages. Morris also alleged governmental misconduct in the form of illegal searches of his home, but did not name a government agency or employee as a party.

The allegations in Morris's complaint do not state a cause of action arising under federal law. Nor do his allegations establish that the district court had diversity jurisdiction over his suit. Although Morris alleges violations of his constitutional rights arising out of allegedly unlawful searches, he did not bring any claim against a governmental entity and thus has not brought a valid claim pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of

Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).

To the extent that Morris's complaint states a claim against Goggans for legal malpractice, that claim is governed by state law and must be brought in state court. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). To the extent that Morris's claim is based on ineffective assistance of counsel, it is appropriate in a motion to vacate a sentence, brought pursuant to 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 505 (2003). Here, Morris has not been sentenced.

Because the district court lacked subject matter jurisdiction over Morris's claims, his complaint was properly dismissed. We therefore AFFIRM.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia